UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JIMMY CAUSEY, ) | Civil Action No. 4:22-cv-1475-JD-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **ORDER** |
| ) | |
| CHARLES WILLIAMS, MS. DAVIS, ) | |
| MS. CLOUD, MS. LIM, SUSAN DUFFY, ) | |
| MS. LEE, DAVID BURZINSKI, COSTA ) | |
| KIMBRELL, JOHN PALMER, JOEL ) | |
| ANDERSON, and KAYLA SHERVEY, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**I.      INTRODUCTION**

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights. Plaintiff alleges that he has suffered (1) high cholesterol, digestive issues, and severe weight loss due to unhealthy foods and portion sizes, (2) mental health issues as a result of long term solitary confinement, (3) retaliation for a previous lawsuit, and (4) unhealthy conditions of confinement with no windows or beds. Presently before the court are Plaintiff's Motions to Compel (ECF Nos. 62, 70, 74, 76), Plaintiff's Motion for Reconsideration Of Class Action Certification (ECF No. 68), and Plaintiff's Motion to Order Defendants to Allow Copy of 9-page Report (ECF No. 83). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC.

**II.     MOTIONS TO COMPEL**

Plaintiff has filed four motions to compel. Defendants note in response to Plaintiff's first

motion that Plaintiff communicated with the defense counsel via letter that he looked forward to a "good courtroom brawl" and "even if I don't win, it's still going to cost good ole SCDC a lot of money. It's going to cost over $50,000 just for discovery." Pl. Letter (ECF No. 66-1). Thus, Defendants argue, Plaintiff is using discovery for the purposes of harassment. Defendants have produced over 2,587 pages of documents in response to Plaintiff's requests.

Under Federal Rule Civil Procedure 26(b)(1), parties may obtain discovery regarding any nonprivileged matter that is: (1) relevant to any party's claim or defense; and (2) proportional to needs of the case. In considering proportionality, courts consider (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense outweighs its likely benefits. Fed. R. Civ. P. 26(b)(1). Information need not be admissible to be discoverable. Id. Under Federal Rule of Civil Procedure 37(a), a propounding party may move for an order compelling discovery where a party fails to respond or provides an evasive or incomplete response. The person "resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec, Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010) (collecting cases). The decision to compel discovery is within the "broad discretion" of the district court. Cook v. Howard, 484 Fed. App'x 805, 812 (4th Cir. 2012).

    **A.**    **First Motion to Compel (ECF No. 62)**

Plaintiff's first motion to compel addresses Defendants' responses to Plaintiff's First Set of Requests to Produce. The disputed discovery responses are set forth below.

    **2.**    **Nutritional facts on each food item served to SCDC inmates, thats to include all**

        **food items served during lock-down periods.**

        **Response: Defendants object on the grounds that this Request is overbroad and unduly burdensome. Subject to these objections, Defendants state that the SCDC menu is based on the Recommended Dietary Allowances published by The National Research Council's Food and Nutrition Board to ensure nutritional requirements are being met.**

        Plaintiff argues that he needs this information to hire a certified dietician to review whether the food served at SCDC meets the standards for a marginally nutritious diet. Defendants argue that the request is overly broad and unduly burdensome because it contains no time limitation and because hundreds of food items are served to SCDC inmates, it would take an inordinate number of days/weeks to record the information on each food label of each food item served and to research the nutritional value of each food item served that does not contain a label, such as produce. Defendants note that they have produced SCDC's master menus to Plaintiff. Defendant argues that the certified dietician Plaintiff intends to hire can use the master menus to obtain the nutritional value of the foods served.

        "In general, Rule 34 only requires a party to produce documents and information already in existence. Thus, 'a party cannot be compelled to create or cause to be created new documents solely for their production.'" Frasier Healthcare Consulting, Inc. v. Grant Mem'l Hosp. Reg'l Healthcare Ctr., No. 2:12-CV-87, 2014 WL 12701042, at *4 (N.D.W. Va. Jan. 9, 2014) (citing Paramount Pictures Corp. v. Replay TV, 2002 WL 32151632 at *2 (C.D. Cal. 2002)); 7 James Wm. Moore, et al., Moore's Federal Practice § 30.12[2] (3d ed. 2014) ("A party cannot be compelled to create, or cause to be prepared, new documents solely for their production. Rule 34 only requires a party to produce documents that are already in existence."). Based upon Defendants' response, it does not appear that any documents exist setting forth the nutritional values of the food served at SCDC, and,

thus, they are not required to compile such information into a document to produce to Plaintiff. Therefore, Plaintiff's motion is denied as to this request.

3. **Name and contact information to all distributors that supply food to SCDC.**

**Response: Defendants object on the grounds that this Request is overbroad, unduly burdensome, and irrelevant. Subject to these objections, Defendants state that SCDC uses a bidding process to select food suppliers. All vendors who bid are from a reliable source that follow applicable agency guidelines.**

Plaintiff argues that this information will allow his family to contact the distributors and obtain information concerning the food they produce along with their nutritional facts. Defendants argue that the request is overly broad because SCDC has numerous food vendors that change over time and Plaintiff has not limited his request by time. Defendants also argue that the request is irrelevant because the distributors do not produce the food product and, thus, do not have the "nutritional facts and other information" Plaintiff intends to seek from the distributors. The undersigned agrees that the requested information is overly broad. Therefore, Plaintiff's motion is granted in part but limited to distributors to Perry Correctional Institution from January 2019 to the present.

4. **Copy of all state and federal guidelines that SCDC allegedly follows concerning food.**

**Response: SCDC follows the FDA Food Code (https://www.fda.gov/food/fda-foodcode/food-code-2017), DHEC regulations including, but not limited to, Regulation 61-25"Retail Food Establishments"(https://scdhec.gov/sites/default/files/Library/Regulations/R.61-25.pdf), and SCDC Policy ADM-16.05 "Food Services Operations" to ensure that food is handled and served in a safe and nutritionally sound manner.**

Plaintiff argues that Defendants failed to produce any documentation and he has no way of accessing the websites listed in the response. Defendants assert that they will provide the referenced codes and regulations on a thumb drive for Plaintiff's review, as they are hundreds of pages long,

making it impractical to produce a paper copy. Therefore, Plaintiff's motion as to this request is moot.

    **5.    Copy of annual food budget from 2000-2022.**

**Response: Food Expenditures for Perry Correctional Institution are as follows by Fiscal Year:**

| | |
|---|---|
| **2016** | **$724,829.32** |
| **2017** | **$688,182.88** |
| **2018** | **$765,919.00** |
| **2019** | **$789,615.57** |
| **2020** | **$713,245.73** |
| **2021** | **$767,162.33** |
| **2022** | **$739,608.91** |

Plaintiff argues that Defendants failed to provide documentation of the food expenditures but only listed total amounts for each year. He argues that the requested documentation is essential because "SCDC has continually decreased their food budget while maintaining that they are providing inmates with a marginally nutritious diet." Defendants argue that their response is proper because Plaintiff's request for 22 years of food expenditures is unreasonable, and Plaintiff was transferred to Perry in 2019, so the selected time frame of 2016-2022 is reasonable. However, Plaintiff did not object to Defendants' response on this basis, but rather, that Defendants did not provide actual documentation of the annual expenditures. Plaintiff's motion is granted with respect to this request to produce. Defendants should either provide the food budget[1] for the years set forth in their response (specifically, years 2016-2022).

    **8.    Copy of all qualification documents for all SCDC dieticians.**

**Response: SCDC Nutritionist qualifications include Bachelor's degree in Nutrition and**

---

[1] Plaintiff's request to produce asks for the "food budget," not for documentation of expenditures as Plaintiff appears to seek in the motion.

**Food Management, Master's degree in Nutritional Science and Food Science, and Registered Dietician/Licensed Dietician Nutritionist.**

Plaintiff argues that Defendants failed to provide actual documentation concerning their dieticians qualifications and that such information is necessary to determine whether the dietician's license is current. Defendants respond that Plaintiff does not need copies of the dieticians' college degrees, but specifically set forth the name of each dietician and nutritionist at SCDC along with their titles and their degrees. From their response, it appears that SCDC employees one Registered Dietician and two Nutritionists. Defendants do not indicate the status of the dietician's license. Therefore, Plaintiff's motion is granted with respect to this request, and Defendants are directed to supplement their response to this request with said information.

9.   **Copy of food supply orders from January 2020 to present date.**

**Response: Defendants object on the grounds that this Request is overbroad and unduly burdensome. Subject to these objections, Defendants state that each cafeteria follows the master menu to order food for each institution. Food is ordered according to the individual needs of the institution.**

Plaintiff argues that copies of the food supply orders are necessary to show that many of the food items that Defendants claim inmates are receiving are not even on the supply order. Defendants assert that the request is overly broad because counsel has been advised it would take approximately two weeks to gather just the food supply orders for Perry Correctional Institution. This request is overly broad and not proportional to the needs of the case, and, thus, Plaintiff's motion is denied as to this request.

10.   **Copy of all log-book entries for Delta Unit for September 2019 to present date.**

**Response: Defendants object on the grounds that the Request seeks the production or irrelevant information that has no bearing on any issue in this case, is overbroad, and unduly burdensome.**

Plaintiff argues that the log-book entries will corroborate his conditions of confinement and retaliation claims because the Defendants used "short of staff" as a pretext to deny recreation, haircuts, access to the law library, sick-call and occasionally showers. Plaintiff also asserts that the log book entries document how many times he was subjected to cell searches in relation to other inmates, strip searches, and nutraloaf. Defendants argue that log-book entries contain information regarding other inmates and other situations that are irrelevant to the present case. They argue that they have already produced documentation showing the number of times Plaintiff's cell was subjected to searches. This request is irrelevant and overly broad, and, thus, Plaintiff's motion is denied as to this request.

> **13.    Name, SCDC # and current location of all inmates who have been housed on Delta Unit Z-wing from September 2019 to present date.**
>
> **Response: Defendants object on the grounds that this Request seeks the production of irrelevant information that has no bearing on any issue in this case, is overbroad, unduly burdensome, and vague.**

Defendants indicated in their response to Plaintiff's motion that they would supplement their discovery responses to provide the requested information. Therefore, Plaintiff's motion is moot as to this request.

> **18.    Copy of the following policies: RHU pol., Classification pol., Grievance pol., Mail pol., Disciplinary pol., Mental Health Services pol., Incident and Accidents pol.**
>
> **Response: (a) RHU Policy--SCDC Policy OP-22.38 "Restrictive Housing Unit" will be made available for Plaintiff to view at the SCDC Institutional Law Library. SCDC officials will confirm and have the Plaintiff sign a statement that he has been permitted to review this policy.**
>
> **(b) Classification Policy – SCDC Policy OP-21.04 "Inmate Classification Plan" will be made available for Plaintiff to view at the SCDC Institutional Law Library. SCDC officials will confirm and have the Plaintiff sign a statement that he has been permitted to review this**

**policy.**

**(c) Grievance Policy – SCDC Policy GA-01.12 "Inmate Grievance System" will be made available for Plaintiff to view at the SCDC Institutional Law Library. SCDC officials will confirm and have the Plaintiff sign a statement that he has been permitted to review this policy.**

**(d) Mail Policy – SCDC Policy PS-10.08 "Inmate Correspondence Privileges" will be made available for Plaintiff to view at the SCDC Institutional Law Library. SCDC officials will confirm and have the Plaintiff sign a statement that he has been permitted to review this policy.**

**(e) Disciplinary Policy – SCDC Policy OP-22.14 "Inmate Disciplinary System" will be made available for Plaintiff to view at the SCDC Institutional Law Library. SCDC officials will confirm and have the Plaintiff sign a statement that he has been permitted to review this policy.**

**(f) Mental Health Services Policy – Defendants object on the basis of relevancy as Plaintiff is not a Mental Health patient. Defendants further object on the grounds that this Request is overbroad and vague. There are twelve (12) SCDC policies on mental health.**

**(g) Incident and Accidents Policy – SCDC Policy OP-22.25 "Reporting Incidents and Accidents (Management Information Notes) (MINS) and Other Methods of Reporting" will be made available for Plaintiff to view at the SCDC Institutional Law Library. SCDC officials will confirm and have the Plaintiff sign a statement that he has been permitted to review this policy.**

Defendants indicated in their response to Plaintiff's motion that they would supplement their discovery responses to allow Plaintiff to review the requested mental health policies. Therefore, Plaintiff's motion is moot with respect to the mental health policies. However, Plaintiff also complains that only allowing him to view the policies is insufficient. He asserts that he was told he could only view the policies for 24 hours and could only hand-copy the policies, which he asserts is not feasible in the time allotted.

Rule 34(a)(1) provides that a party may request that the other party "produce and permit the requesting party to inspect, copy, test, or sample" relevant documents and tangible things. Rule

34(b)(1)(B) provides that the request "must specify a reasonable time, place, and manner for the inspection and for performing the related acts," and Rule 34(b)(2)(B) allows the responding party to produce copies of documents instead of permitting inspection. The default rule is to allow the inspection and copying of documents but responding parties can produce copies in the alternative. Thus, Defendants complied with Rule 34 by making the documents available. However, Defendants have not addressed Plaintiff's argument that 24 hours is not sufficient time for Plaintiff to hand-copy all the requested policies. Defendants have not explained why Plaintiff is required to hand-copy the policies in lieu of photocopying them. Therefore, Plaintiff's motion is granted with respect to this request to the extent that Defendants must either provide photocopies of the requested current[2] policies, allow Plaintiff to inspect the policies and choose the ones of which he wants photocopies, or allow Plaintiff sufficient time to inspect and hand-copy the policies.

**21.     Plaintiff's medical and mental health records from 2003 to present date.**

**Response: Please see medical and mental health records from July 2018 to the present attached hereto and identified as SCDC 000726 - 002488.**

Plaintiff complains that Defendants only produced records from 2018 forward. He argues that he needs records from 2003 to show that he has been prescribed supplements for weight-loss and other medication for health problems associated with unhealthy food. Defendants argue that Plaintiff's complains of medical/weight loss issues since his arrival at Perry Correctional Institution in 2019 and thus medical records from one year prior to his arrival date to present are sufficiently responsive to his request. The court agrees. Therefore, Plaintiff's motion is denied as to this request.

---

[2]Plaintiff complains that some of the policies he inspected were out of date. Defendants must make available the most recent versions of these policies.

**22.   Names and current locations of all officers assigned to Delta Unit from September 2019 to present.**

**Response: Defendants object on the grounds that this Request seeks the production of irrelevant information that has no bearing on any issue in this case, is overbroad, and unduly burdensome.**

Defendants indicated in their response to Plaintiff's motion that they would supplement their discovery responses to provide the requested information.  Therefore, Plaintiff's motion is moot as to this request.

**26.   The Plaintiff requests that Defendant allow him to have a disposable camera sent in by mail and that he be allowed to take photos of the meals served at breakfast, lunch, and supper for a 90 day period.  The camera will not pose any type of security issue because it would remain in the staff's possession once the photos are taken.  Once the 90 day period is complete, the camera would be mailed to a family member at the Plaintiff's expense to have the photos developed.**

**Response: No.**

Plaintiff argues that the camera is necessary to show the insufficient portions of food being served.  Defendants argue that allowing Plaintiff to have a camera would pose operational and security concerns and would cause other inmates to make similar requests to the extent it would become an unmanageable and unsafe situation within the institution.  Rule 34(a)(2) provides that a party may request "entry onto designated land or other property controlled by the responding party, so that the requesting party may ... photograph ... the property or any designated object or operation on it."  However, Plaintiff's request conflicts with the rules of the institution.  The court recognizes the logistical difficulties the institution would face attempting to maintain disposable cameras for various inmates for discovery purposes.  Accordingly, Plaintiff's motion is denied as to this request.

**27.  Copy of all grievances filed by RHU inmates concerning conditions of confinement from 2020 to present date.**

**Response: Defendants object on the grounds that this Request seeks the production of irrelevant information that has no bearing on any issue in this case, is overbroad, and unduly burdensome.**

Plaintiff argues that he has raised a conditions of confinement claim in this action and the requested information will show that many other inmates have filed grievances/complaints concerning the conditions there and will provide Plaintiff with the names of inmates who could provide declarations or be called as witnesses at trial. Defendants argue that Plaintiff's request is not limited by institution and grievances filed by other inmates have no relevance to Plaintiff's own claims. Defendants also argue that locating and producing all grievances filed by RHU inmates specifically addressing conditions of confinement would take an inordinate and unreasonable amount of time. This request is irrelevant, overly broad, and not proportional to the needs of the case. Therefore, Plaintiff's motion is denied as to this request.

**27.[3]    Copy of all grievances filed by all Perry inmates concerning food issues, including sour milk.**

**Response: Defendants object on the grounds that this Request seeks the production of irrelevant information that has no bearing on any issue in this case, is overbroad, and unduly burdensome.**

Plaintiff argues that the poor feeding conditions at Perry and within SCDC is one of his claims and the requested information will show how many other inmates have filed grievances/complaints concerning food issues and that Defendants have shown deliberate indifference towards their complaints. Plaintiff also asserts that the requested documents will provide Plaintiff with the names of other inmates would could provide declarations or be called as witnesses at trial. Defendants argue that Plaintiff's request is not limited by time and the phrase

---

[3]Plaintiff's Requests for Production include two 27s.

"food issues" is capable of encompassing issues that are irrelevant to Plaintiff's claims. They also argue that locating and producing all grievances specifically concerning food issues would take hundreds of man hours. This request is overly broad, unduly burdensome, and not proportional to the needs of the case. Therefore, Plaintiff's motion is denied as to this request.

      **B.**      **Second Motion to Compel (ECF No. 70)**

In this Motion, Plaintiff asserts that on September 26, 2022, Plaintiff sent the first set of Interrogatories to Defendant Rashema Davis via her attorney, but he has not received a response. Defendants assert that Plaintiff first served Davis with discovery requests before she was even a party to this action. They also assert that nine out of the fourteen interrogatories are duplicative to prior interrogatories and Plaintiff has already been provided with the requested information. Nevertheless, Defendants assert in their Response that they served responses to said Interrogatories the same day as their response. Therefore, Plaintiff's motion is moot as to the Interrogatories served on Davis.

Plaintiff also asserts that on October 24, 2022, he sent a second set of Requests for Production to Defendants, a first set of Interrogatories to Defendant Joel Anderson, and a second set of Interrogatories to Defendants Lim and Palmer. Defendants refused to respond to the discovery requests sent October 24, 2022, stating that the requests were untimely under the scheduling order's October 14, 2022, deadline for discovery. Plaintiff argues that he was unable to timely serve said discovery requests because of Defendants' untimely response to Plaintiff's first set of Requests for Production. However, Plaintiff did not request an extension of time to complete discovery and, thus, the requests served on October 24, 2022, were untimely under the scheduling order. Accordingly, Plaintiff's motion to compel is denied as to the discovery requests served on October 24, 2022.

### C. Third Motion to Compel (ECF No. 74)

Plaintiff's third motion to compel addresses responses he received to his Interrogatories to Defendant Davis. Plaintiff asserts that Defendant Davis refused to answer questions 1, 3, 4, 5, 6, 9, 10, 11, 13, and 14 on the basis that the questions have already been answered by another Defendant. Defendant argues that earlier in discovery, Plaintiff served interrogatories on Defendant Lim who was employed with the Food Services Division of SCDC and Defendant Lim provided substantive responses to those interrogatories. Plaintiff then served many identical interrogatories on Defendant Davis, who also works within the Food Services Division of SCDC. In her responses, Defendant Davis indicated that the information sought had already been provided and referenced the specific prior response that contained the requested information.

Plaintiff argues that Defendant Davis is the SCDC Head Dietician who works in a separate location from the other defendants. He argues that asking Davis the same questions as other defendants "may illicit inconsistent response that can be used for impeachment purposes." However, Defendant Davis asserts that she agreed with the responses that had already been provided and simply incorporated Defendant Lim's prior responses. Defendant Davis also attached a copy of Defendant Lim's responses to hers. Defendant Davis's responses are sufficient and, thus, Plaintiff's motion to compel is denied.

### D. Fourth Motion to Compel (ECF No. 76)

In this motion, Plaintiff asserts that on December 1, 2022, SCDC implemented a new master menu and added fruit and a few new food items. Thus, Plaintiff requested a copy of the new menu as well as the nutritional facts on the newly added food items. Defendants responded that they would not provide the additional information because Plaintiff's request was untimely. Defendants argue

that to allow Plaintiff to conduct discovery everytime SCDC changes its menu is impractical and would result in a never-ending discovery period. However, parties have a duty to supplement discovery responses under Federal Rule of Civil Procedure 26(e)(1), and the duty to supplement discovery responses "does not end at the close of discovery; rather, parties are required to supplement their discovery responses as new, responsive, material is created." Weare v. Bennett Bros. Yachts, Inc., No. 7:17-CV-155-FL, 2019 WL 12267845, at *3 (E.D.N.C. June 12, 2019) (citing Cook v. Lewis, No. 5:12-CT-3219-D, 2014 WL 2894999, at *2 (E.D.N.C. June 25, 2014)). Plaintiff originally asked for a "copy of master menu" in his First Set of Requests to Produce, which Defendants provided. See ECF No. 66-4. Thus, Defendants are under an obligation to continue to produce any updated versions of the master menu as they are created. See Weare, 2019 WL 12267845, at *4 (requiring production of a report that was responsive to a previous discovery request even though it was created after the discovery deadline). However, as discussed above, Defendants objected to providing nutritional information regarding each food item on the master menu, and Plaintiff's motion to compel as to that request is denied. Accordingly, Plaintiff's fourth motion to compel is granted as to the master menu but denied as to the request for nutritional information.

## II.     PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 68)

Plaintiff notes that he originally sought class action certification for this case due to the large number of persons being affected by the conditions of confinement at Perry Correctional Institution. He asserts that at least seven other inmates have since filed § 1983 actions concerning conditions of confinement and, thus asks the court to reconsider his motion for class certification. Plaintiff's original motion was denied because courts in this Circuit do not certify a class where a pro se litigant will act as representative of that class. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975).

It is plain error for a pro se inmate to represent others in a class action. Id. Accord Fowler v. Lee, 18 Fed. Appx. 164, 2001 WL 1033312 (4th Cir.) (unpublished); Lescs v. Martinsburg Police Dep't, 138 Fed. Appx. 562, 2005 WL 160771 (4th Cir.) (unpublished). A pro se party lacks standing to assert claims on behalf of others. Laird v. Tatum, 408 U.S. 1(1972); see also Valley Force Christian Coll. v. Americans United for Separation of Church & State, 454 U.S. 464, 482 (1982) and Flast v. Cohen, 392 U.S. 83, 99 (1968) (a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, such that merits of the case are irrelevant). Plaintiff is still proceeding pro se in this action and, of the seven cases listed by Plaintiff in his motion, all of the plaintiffs in those cases are proceeding pro se. Therefore, for the same reasons as the original motion, Plaintiff's motion for reconsideration is denied.

### IV.     PLAINTIFF'S MOTION TO ORDER DEFENDANTS TO ALLOW COPY OF 9-PAGE REPORT (ECF NO. 83)

Plaintiff asserts that on February 15, 2023, he received a 9-page report put out by the Department of Justice concerning the severe psychological effect associated with long-term solitary confinement. He asserts that he was going to use the report as an exhibit in this case but the mail room personnel at Perry will not allow him to have the report. Plaintiff argues that it is a violation of his First Amendment rights to access the courts. He asks the court to order Defendants to allow him to have the report.

Defendants argue that the material held by the SCDC mailroom violated SCDC Policy PS-10.08, "Inmate Correspondence Privileges," which provides, in relevant part, that inmates may receive "information printed from the internet . . . up to five (5) pages/clippings per envelope, provided the contents do not depict questionable material." SCDC Policy PS-10.08, Section 5.5.1

(ECF No. 85-1). Defendants assert that Plaintiff was provided with five pages of material and the balance was withheld by the SCDC mail room.

Plaintiff's motion is essentially asserting a new claim unrelated to the allegations in this case or the Defendants named in this case and is seeking affirmative relief prior to any adjudication on the merits of the claim. In this motion, Plaintiff asserts that mail room employees (who are not named in this action) violated his First Amendment rights by withholding mail, and he asks the court to order "Defendants," who were not involved in withholding his mail, to produce the mail to him. That issue is not properly before this court and Plaintiff's motion is denied.

## V.    CONCLUSION

For the reasons discussed above, Plaintiff's First Motion to Compel (ECF No. 62) is **DENIED in part, GRANTED in part, and MOOT in part**, Plaintiff's Second Motion to Compel (ECF No. 70) is **MOOT in part and DENIED in part**, Plaintiff's Third Motion to Compel (ECF No. 74) is **DENIED**, Plaintiff's Fourth Motion to Compel (ECF No. 76) is **GRANTED in part and DENIED in part**, Plaintiff's Motion for Reconsideration Of Class Action Certification (ECF No. 68) is **DENIED**, and Plaintiff's Motion to Order Defendants to Allow Copy of 9-page Report (ECF No. 83) is **DENIED**. To the extent this Order requires Defendants to produce certain documents to Plaintiff, Defendants must do so **within twenty-one days of the date of this Order.**

**IT IS ORDERED.**

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

July 28, 2023  
Florence, South Carolina