UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JIMMY CAUSEY, | ) | Civil Action No. 4:22-cv-1475-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| CHARLES WILLIAMS, MS. DAVIS, | ) | |
| MS. CLOUD, MS. LIM, SUSAN DUFFY, | ) | |
| MS. LEE, DAVID BURZINSKI, COSTA | ) | |
| KIMBRELL, JOHN PALMER, JOEL | ) | |
| ANDERSON, and KAYLA SHERVEY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights. Plaintiff alleges that he has suffered (1) high cholesterol, digestive issues, and severe weight loss due to unhealthy foods and portion sizes, (2) mental health issues as a result of long term solitary confinement, (3) retaliation for a previous lawsuit, and (4) unhealthy conditions of confinement with no windows or beds. Presently before the court are Plaintiff's Motion to Compel (ECF No. 97), Plaintiff's Motion to Appoint Counsel (ECF No. 99), Plaintiff's Motion for Extension of Time (ECF No. 100), and Plaintiff's Motion to Conduct Discovery (ECF No. 102). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC.

On July 28, 2023, the court entered an Order (ECF No. 90) granting in part and denying in part several motions to compel filed by Plaintiff. Plaintiff argues in his present motion to compel that Defendants have failed to comply with that order in several ways. First, Plaintiff argues that Defendants have failed to provide several categories of documents ordered by the court, specifically

with respect to the food distributors, food budget, SCDC Dietician qualifications, and master menus. With respect to each of these requests, Defendants assert in their response that the documents are attached. However, there are no documents attached to the response filed with the court. While it could be that Defendants only attached the documents to the response mailed to Plaintiff, it is not clear from the record. Therefore, within five days of the date of this order, Defendants are directed to file an affidavit indicating that the documents have been provided to Plaintiff.

Next, Plaintiff argues that he requested copies of all state and federal guidelines Defendants are required to follow regarding food, and Defendants, who at first only provided website addresses to said guidelines, subsequently indicated that they would provide all guidelines on a thumb drive for Plaintiff since the guidelines were hundreds of pages long. As a result, the court ruled Plaintiff's motion as to that particular request was moot. However, Plaintiff argues that he does not have access to a computer and, thus, would not be able to access the documents on the thumb drive or file them as exhibits. He asks that Defendants produce copies of these guidelines. In response to Plaintiff's motion, Defendants assert they will allow Plaintiff a two week period of time to inspect and hand-copy the requested guidelines. However, as discussed below, Plaintiff argues that a two week period of time is not sufficient.

With respect to the SCDC policies requested by Plaintiff, Defendants originally only allowed Plaintiff twenty-four hours to view and hand-copy the policies. Plaintiff argued that twenty-four hours was not sufficient to hand copy everything. The court ordered "that Defendants must either provide photocopies of the requested current policies, allow Plaintiff to inspect the policies and choose the ones of which he wants photocopies, or allow Plaintiff sufficient time to inspect and hand-copy the policies." Order (ECF No. 90) p. 9. As a result of the order, Defendants allowed

Plaintiff two weeks to view and hand-copy the policies. Plaintiff asserts that two weeks is not a sufficient amount of time to hand-copy two hundred pages of documents. He asserts that he offered to pay to have the documents photocopied, but Defendants would not allow it.

Both the requested food guidelines and the requested SCDC policies are hundreds of pages long, making hand-copying impracticable. Therefore, Defendants are directed to make these requested documents available for Plaintiff's review within fourteen days with sufficient time to review all the documents and allow Plaintiff to determine which documents he would like to photocopy at Plaintiff's expense.

Accordingly, Plaintiff's motion to compel is granted in part and moot in part as discussed above.

Plaintiff has also filed a motion to appoint counsel. There is no right to appointed counsel in § 1983 cases. Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); Smith v. Blackledge, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff first filed a motion to appoint counsel when he filed this action. In denying the motion, the court found that Plaintiff had not shown that any exceptional circumstances exist in this case that would warrant appointment of counsel.

In his present motion, Plaintiff argues that exceptional circumstances exist because (1) he suffers from mental health issues, including "psychosis–auditory hallucinations [and] severe mood disorder–depression and anxiety," Pl. Motion (ECF No. 99) p. 1, (2) the case will require expert testimony regarding his mental health and dietary concerns, (3) the case will require photos of the

Perry super-max units, which he is unable to obtain, (4) Defendants have failed to comply with discovery, (5) Defendants have confiscated materials necessary to present this case such as declarations from other inmates and other legal documents, and (6) Defendants will not allow him to receive any law books. In determining whether extraordinary circumstances exist, courts consider "the type and complexity of the case," whether the plaintiff has a colorable claim, and the plaintiff's ability to prosecute the claim. See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984) (citations omitted), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989).

      Plaintiff's mental health issues do not appear to have hindered his ability to prosecute this case as evidenced by his ability to conduct discovery and his numerous filings with the court. Further, the need for expert testimony or photographs are routine issues in civil cases and do not present the type of exceptional circumstances that warrant appointment of counsel. See Dean v. Jones, No. 5:16-CT-03109-FL, 2018 WL 8967673, at *5 (E.D.N.C. Feb. 23, 2018). Plaintiff has also capably handled any failure by Defendants to comply with discovery by filing the appropriate motions to compel. This is also a typical issue in civil cases that does not necessitate appointment of counsel. Finally, Plaintiff's incarceration and the difficulties inherent therein do not satisfy the exceptional circumstances standard. See, e.g., Louis v. Martinez, No. 5:08-cv-151, 2010 WL 1484302, * 1 (N.D.W. Va. April 2, 2010)(denying appointment of counsel where inmate was housed in the special housing unit, subjected to continuous lock down, with restricted access to the law library and no opportunity to obtain legal assistance from fellow inmates). For these reasons, Plaintiff has failed to show exceptional or unusual circumstances presented which would justify the appointment of counsel, or that he would be denied due process if an attorney were not appointed.

Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984). Accordingly, Plaintiff's motion is denied.

Plaintiff has filed a motion for extension of time to respond to Defendants' motion for summary judgment. In his motion, Plaintiff asserts that, as of September 25, 2023, he had not received Defendants' motion for summary judgment, which was filed on August 25, 2023. He requests an additional sixty days to file a response. Defendants filed a response to Plaintiff's motion, confirming that Plaintiff was delayed in receiving the motion because it included photographs as exhibits which caused the entire legal packet to be retained by SCDC pending review of the photographs. However, Defendants assert that Plaintiff has now received the motion and its attachments. Defendants do not object to Plaintiff's request for an extension. Because Plaintiff has now received the motion, an extension of thirty days from the date of this order is sufficient. Therefore, Plaintiff's motion is granted in part, and **his response to Defendants' motion for summary judgment is due no later than November 27, 2023.**

In his motion to conduct discovery, Plaintiff asserts that Defendants presented an affidavit of Daniel Harouff with their motion for summary judgment and he asks that he be allowed to serve interrogatories on Harouff. However, the deadline for discovery has long passed and Plaintiff fails to show good cause for why he should be allowed to conduct any further discovery. See Fed.R.Civ.P, 16(b)(4); Nourison Rug Corp. v. Parvizian, 535 F.3d 295 (4th Cir. 2008) (holding that the good cause standard must be satisfied to justify deviation from scheduling order). As evidenced by his many motions related to discovery, Plaintiff has already conducted extensive discovery in this case. Accordingly, Plaintiff's motion is denied.

For the reasons discussed above, Plaintiff's Motion to Compel (ECF No. 97) is **GRANTED in part and DENIED in part**, Plaintiff's Motion to Appoint Counsel (ECF No. 99) is **DENIED**,

Plaintiff's Motion for Extension of Time (ECF No. 100) is **GRANTED in part**, and Plaintiff's Motion to Conduct Discovery (ECF No. 102) is **DENIED**.

  **IT IS SO ORDERED.**

                 s/Thomas E. Rogers, III
                Thomas E. Rogers, III
                United States Magistrate Judge

October 25, 2023
Florence, South Carolina